NelsoN, J.,
delivered the opinion of the Court.
The demurrer to the plea of former conviction, was properly taken and should not have been overruled. The indictment on which the defendant was formerly tried, was held by this Court to be fatally defective, for the reasons stated in the opinion in Thurston v. The State, 3 Cold., 117. In that case, the record failed to show when, where, how, or by whom the court was holden in which the indictment was found, and was in other respects defective, as was shown in the opinion. The plea in this case, shows that, after the judgment was reversed and the cause remanded, the indictment, together with all the proceedings against the defendant, -was dismissed, and so the former conviction resulted in nothing. A trial upon the present indictment will not, therefore, put the defendant twice in jeopardy, within the meaning of the Constitution of 1834, Art. 1, Sec. 10, or of the same article and section in the Constitution of 1870.
This question has been before the Court in various forms, and was carefully considered in Walton v. The State, 3 Sneed, 687, and other cases. Walton’s case, which refers to Bishop’s then new work, is cited by him in the third edition of his Criminal Law, vol. 1, § 862. The provision in the Code, 5211, has no application to this case, as no statute has been passed to make the former indictment good.
Let the judgment be reversed and the cause remanded.